**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAD ZUBRISKI and GEORGE DERATNAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BIOAMBER INC., JEAN-FRANÇOIS HUC, and MARIO SAUCIER,<br><br>Defendants. | Case No. 2:17-cv-01531-ADS-GRB<br><br>CLASS ACTION |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of December 18, 2019, which is entered into by and among (i) the Lead Plaintiff Chad Zubriski ("Zubriski" or "Lead Plaintiff") and Named Plaintiff George Dertanay (together, "Plaintiffs") on behalf of themselves and on behalf of the Settlement Class (as defined herein), and (ii) Jean-François Huc ("Huc") and Mario Saucier ("Saucier" and with Huc, "Settling Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the final approval of the United States District Court for the Eastern District of New York (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A. The Action**

On March 18, 2017, Donald Chu filed a putative class action lawsuit in the Court (the "Action"), alleging violations of the Securities Exchange Act of 1934 against BioAmber, Inc. ("BioAmber" or the Company"), Huc and Saucier (collectively, "Defendants") (Dkt. #1).

In June 2017, the Court appointed Zubriski as Lead Plaintiff, and appointed his chosen counsel, The Rosen Law Firm, P.A. and Goldberg Law P.C., as Co-Lead Counsel pursuant to the Private Securities Litigation Reform Act (the "PSLRA") (Dkt. # 17).

On August 7, 2017, Plaintiffs timely filed the Amended Class Action Complaint for Violations of Federal Securities Laws (the "Amended Complaint") against Defendants (Dkt. # 25).

On October 6, 2017, Defendants timely filed their Motions to Dismiss the Amended Complaint (Dkt. # 26). In response, on December 5, 2017, Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss and a Cross-Motion for Leave to Amend, in which Plaintiffs sought leave to file a [Proposed] Second Amended Complaint ("Complaint") that would allege additional facts Plaintiffs assert they had uncovered since the filing of their Amended Complaint (Dkt. # 30).

On January 19, 2018, Defendants filed an Opposition to Plaintiff's Cross-Motion for Leave to Amend the Amended Complaint and in Further Support of Motion to Dismiss. On February 9, 2018, in which Defendants argued that amendment of the Amended Complaint would be futile and that Plaintiffs' allegations would still be subject to dismissal even if amended as proposed by Plaintiffs. Plaintiffs then filed a Reply Memorandum in Further Support of their Motion for Leave to Amend, and a Motion to Convert Defendants' Motion to Dismiss to a

Motion for Summary Judgment and Partially Lift the PSLRA Stay or to Strike a Declaration that Defendants submitted in opposition to Plaintiffs' Motion for Leave to Amend.

**B. BioAmber's Bankruptcy**

On May 7, 2018, while the Parties' respective motions were pending before the Court, Defendants informed the Court that on May 4, 2018 BioAmber had filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code ("Chapter 11 Petition") in the U.S. District Court for the District of Delaware (the "U.S. Bankruptcy Proceeding"), staying this Action as to BioAmber. On June 5, 2018, the Court issued an order staying the Action as to BioAmber.

In June 2018, BioAmber's Chapter 11 Petition was dismissed in favor of a petition it filed under Chapter 15 of the U.S. Bankruptcy Code in the U.S. District Court for the District of Delaware ("Chapter 15 Proceeding"), seeking to recognize a petition filed by BioAmber under Canada's Companies Creditors Arrangement Act before a Canadian bankruptcy court (the "Canadian Court") in Quebec, Canada (the "Canadian Bankruptcy Proceeding"). On June 20, 2018, the Court in the Chapter 15 Proceeding entered an order granting recognition of the Canadian Bankruptcy Proceeding as the main proceeding. PricewaterhouseCoopers, Inc. ("PwC") was appointed as a monitor in the Canadian Bankruptcy Proceeding and as a foreign representative and monitor in the Chapter 15 Proceeding.

In June 2018, PwC, on behalf of and with the assistance of BioAmber, conducted a sale and investment solicitation process, pursuant to which PwC marketed BioAmber and its wholly owned subsidiaries as a going concern. Although this process generated interest, at the conclusion of the process, BioAmber did not receive any binding offers to purchase it and its wholly owned subsidiaries as a going concern. Accordingly, on July 31, 2018, the Canadian Court issued an order granting additional powers to PwC in order to allow it to proceed with the orderly liquidation of BioAmber.

On September 18, 2018, the Canadian Court entered an order authorizing and approving the sale of substantially all of BioAmber's assets. Thereafter, PwC completed the sale of BioAmber's assets in October 2018 and negotiated and reached agreement with BioAmber's secured lenders for the allocation of sale proceeds. In March 2019, the Canadian Court issued an order approving the allocation of sale proceeds.

In July 2019, the Canadian Court entered an order (the "Final Distribution and Termination Order") in the Canadian Bankruptcy Proceeding, in which it authorized PwC to complete the distribution of the sale proceeds to certain of BioAmber's secured lenders. The Canadian Court further ordered that after the distribution of the sale proceeds and upon PwC's filing of a discharge certificate, the Canadian Bankruptcy Proceeding would terminate.

On October 4, 2019, BioAmber filed a Motion for a Final Decree in the Chapter 15 Proceeding, seeking the U.S. Bankruptcy Court's approval of the Final Distribution and Termination Order and to close the Chapter 15 Proceeding. In that motion, BioAmber represented that PwC has distributed the approved distributions and that BioAmber "has no remaining assets in the United States and there are no funds remaining to generate any recoveries to general unsecured creditors." No objections to the Motion for a Final Decree were filed by the November 4, 2019 deadline. On November 14, 2019, the U.S. Bankruptcy Court issued an order recognizing and enforcing the Final Distribution and Termination Order and closing the Chapter 15 Proceeding.

**C. Settlement Discussions**

In October 2017, the Parties first discussed settlement. At that time, the Parties determined that they were too far apart for productive settlement negotiations to proceed.

In July 2018, while the Parties' respective motions remained pending before the Court and after the stay was entered, the Parties resumed settlement discussions. The Parties exchanged

several settlement offers and counteroffers, but negotiations again ceased because the Parties disagreed about the amount of recoverable damages (among other issues of disagreement). To assist in the negotiations, in March 2019, the Parties exchanged damages estimates prepared by their respective damages experts.

Over the next several months, the Parties continued to engage in settlement discussions and exchanged several additional settlement offers and counteroffers. On August 30, 2019, after substantial negotiations, Plaintiffs and the Settling Defendants reached an agreement in principle to settle, and after further negotiations, the Plaintiffs and Settling Defendants executed a Memorandum of Understanding ("MOU") setting out certain of the Settlement's key terms. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties and supersedes the MOU.

**D. Defendants' Denial of Wrongdoing and Liability**

Throughout the course of the Action, Settling Defendants have expressly denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action, including in the Amended Complaint and/or the Complaint. Without limiting the generality of the foregoing in any way, Settling Defendants have denied and continue to deny, *inter alia*, that any misstatements or materially misleading omissions were made, that they have any liability whatsoever to Plaintiffs or to any other member of the Settlement Class, that Plaintiffs and the Settlement Class have suffered any damages, that the wrongdoing alleged in the Complaint and/or the Amended Complaint caused Plaintiffs and the Settlement Class any damages, and that Plaintiffs and the Settlement Class were harmed by the conduct alleged in the Action.

Settling Defendants enter into this Stipulation to eliminate the uncertainties, burden and expense of further litigation. Nothing in this Stipulation shall be construed as an admission or

concession by either Settling Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever, and except as required to enforce this Settlement, they shall not be used by any person in the Action or any other actions or proceedings, whether civil, criminal or administrative.

**E. Claims of Plaintiffs and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Settling Defendants through trial and appeals if not dismissed and terminated with prejudice by the Court if it were to rule on the Settling Defendants' pending motion to dismiss. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses asserted by Settling Defendants during the litigation and their opposition to Plaintiffs' pending motion for leave to file an amended complaint, in motions on the pleadings or during settlement negotiations. Furthermore, Plaintiffs have considered the impact of BioAmber's bankruptcy on this Action. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, and Settling Defendants, by and through their respective undersigned counsel that, subject to the final approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice, and the

Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1. Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.** "Action" means the putative class action captioned *Donald Chu v. BioAmber Inc., et al.*, 17-cv-1531-ADS-GRB (E.D.N.Y.).

**1.2.** "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees and expenses.

**1.3.** "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.** "Business Day" means any day except Saturday or Sunday or any legal holiday, as defined in Federal Rule of Civil Procedure 6(a)(6)(A).

**1.5.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.6.** "Claims" means any and all manner of claims, demands, rights, actions, disputes, debts, causes of action and liabilities, of every nature and description

whatsoever (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether class, individual, derivative or otherwise in nature, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, asserted or unasserted, matured or unmatured, liquidated or unliquidated, including both known and Unknown Claims.

**1.7.** "Claims Administrator" means Strategic Claims Services ("SCS") or such other entity as the Court shall appoint to administer the Settlement.

**1.8.** "Complaint" means the [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws filed on December 5, 2017 as Exhibit A to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Cross-Motion for Leave to Amend (Dkt. # 30-3).

**1.9.** "Defendants" means BioAmber, Inc., Jean-François Huc, and Mario Saucier.

**1.10.** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.11.** "Escrow Agent" means The Rosen Law Firm, P.A. or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.12.** "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred.

**1.13.** "Final" means, with respect to any order of court, including but not limited to the Final Judgment, the latest to occur of the following: (i) the date as of which the time to move for rehearing or to vacate or otherwise to seek review, alteration, or appeal of the Court's order has expired without any review, alteration, appeal, or other action by the court having been sought or taken; or (ii) if a motion for rehearing or to vacate, or any appeal, petition, other motion, or other application for review, alteration or amendment is filed, sought, or taken, the date as of which such appeal, petition, motion, or other application shall have been finally determined in such a manner as to affirm the Court's original order in all material respects and the time, if any, for seeking further review has expired. Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining to the amount, payment, or allocation of attorneys' fees and expenses, the Plan of Allocation or the provisions of ¶ 6.2 shall have no effect on finality for purposes of determining the date on which the Final Judgment or any Alternative Judgment becomes Final.

**1.14.** "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

**1.15.** "Lead Plaintiff" means Chad Zubriski, as identified in the opening paragraph of the Complaint.

**1.16.** "Lead Counsel" or "Co-Lead Counsel" means The Rosen Law Firm, P.A. and Goldberg Law PC.

**1.17.** "Named Plaintiff" means George Deratnay as identified in the opening paragraph of the Complaint.

**1.18.** "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

**1.19.** "Parties" means Plaintiffs and Defendants.

**1.20.** "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.21.** "Plaintiffs" means Chad Zubriski and George Deratnay.

**1.22.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs and expenses and award to Plaintiffs as may be approved by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.23.** "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

**1.24.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.25.** "Released Claims" means, to the fullest extent permitted by law or equity, any and all Claims, including Unknown Claims, by Plaintiffs and any Settlement Class Member against any of the Released Parties or by any of the Released Parties against Plaintiffs

and any Settlement Class Member (i) that have been or could have been asserted in the Action, including without limitation those asserted in the Complaint and the Amended Complaint; (ii) that would have been barred by *res judicata* had the Action been litigated to final judgment; (iii) that could have been or could in the future be asserted in any forum or proceeding or otherwise that arise out of, are based upon, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Action, the Amended Complaint, and/or the Complaint, and relate to the purchase, acquisition or sale of BioAmber common stock or warrants, except those purchased on the Toronto Stock Exchange, during the Settlement Class Period (including, without limitation, claims for fraud and negligent misrepresentation); or (iv) that arise out of, are based upon, or relate to the settlement or resolution of the Action, *provided, however*, that Released Claims do not include Claims to enforce this Stipulation.

**1.26.** "Released Parties" means, (a) Defendants, including BioAmber, and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, affiliates, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

**1.27.** "Releasing Parties" means Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

**1.28.** "Settlement" means the settlement contemplated and embodied by this Stipulation.

**1.29.** "Settlement Amount" means the sum of $2,250,000 (Two Million Two Hundred Fifty Thousand U.S. Dollars).

**1.30.** "Settlement Class" means all persons or entities (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired BioAmber common stock or warrants, except those purchased on the Toronto Stock Exchange, during the Settlement Class Period, and were damaged thereby, excluding those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" to be sent to the Settlement Class that is accepted by the Court.

**1.31.** "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.32.** "Settlement Class Period" means the period from July 15, 2014 through August 3, 2017, inclusive.

**1.33.** "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.34.** "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.35.** "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Settling Defendants (as defined herein) and Plaintiffs (on behalf of themselves and the Settlement Class).

**1.36.** "Settling Defendants" means Jean-François Huc and Mario Saucier.

**1.37.** "Unknown Claims" means all Claims of every nature and description which Plaintiffs, any Settlement Class Member or any Released Party does not know or suspect to exist in his, her or its favor at the time of Effective Date which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, Plaintiffs or the Settlement Class, or might have affected his, her or its decision with respect to the Settlement, or such party's decision not to opt-out or object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and Released Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, the Released Parties, and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to

be true with respect to the subject matter of the Released Claims, but the Settling Defendants and Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member and Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Settling Defendants acknowledge, and the Settlement Class Members and Released Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2. The Settlement Consideration**

**2.1.** In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, the Settling Defendants shall, within fifteen (15) Business Days following the later of: (i) the date the Court order grants the Preliminary Approval Order; or (ii) the provision of payment instructions are provided by Lead Counsel to Defendants' counsel, make a payment, or cause payment to be made, of $2,250,000 by wire transfer or check, to the Escrow Account.

**2.2.** Payment of the Settlement Amount shall be Settling Defendants' sole monetary obligation under the Settlement. Under no circumstances will the Settling Defendants or BioAmber be required to pay, or cause payment of, more than the Settlement Amount

pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel.

**3. Handling And Disbursement Of Funds By The Escrow Agent**

**3.1.** No monies will be disbursed from the Settlement Fund until after the Effective Date except:

**(a)** As provided in ¶ 3.4 and ¶ 8.2 below;

**(b)** As provided in ¶ 10.6 below, if applicable; and

**(c)** To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.** The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Settling Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.** The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court. Settling Defendants shall have prompt access to records of the Escrow Account upon request.

**3.4.** At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $150,000 (One Hundred Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

**4. Taxes**

**4.1.** The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**(a)** For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)** All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Settling Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Settling Defendants, their counsel and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Settling Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5. Preliminary Approval Order, Notice Order, And Settlement Hearing**

**5.1.** Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for entry of a preliminary approval order in the form of Exhibit A hereto, seeking, including among other things, approval for the mailing and dissemination of Notice in the form of Exhibit A-1 hereto, approval of the publication of summary notice in the form of Exhibit A-3 hereto, and approval of the Proof of Claim form in the form attached as Exhibit A-2 hereto. The mailed Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members. Settling Defendants shall not object to, or have any responsibility for, Lead Counsel's proposed Plan of Allocation.

**5.2.** No later than seven (7) calendar days after the date of entry of the Preliminary Approval Order, the Settling Defendants shall provide and/or cause BioAmber's transfer agent to provide to Lead Counsel a list of the record owners of BioAmber securities during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet ("Settlement Class Information"). If in the transfer agent's possession, the Settlement Class Information should include email addresses of record owners of BioAmber securities during the Settlement Class Period. The Settling Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

**5.3.** At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6. Releases And Covenants Not To Sue**

**6.1.** Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.2.** Upon the Effective Date, Settling Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Settlement Class Members and Lead Counsel from all Released Claims, and shall be permanently enjoined from prosecuting the Released Claims against Plaintiffs, Settlement Class Members and Lead Counsel. Nothing contained herein shall,

however, bar the Settling Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

## 7. Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund

**7.1.** Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants. The Released Parties shall not have any role in, or responsibility or liability to any Person, including without limitation any Settlement Class Member, for the administration of the Settlement of the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Settling Defendants in connection therewith.

**7.2.** The Settlement Fund shall be applied as follows:

**(a)** To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)** To pay Administrative Costs;

**(c)** To pay Lead Counsel's attorneys' fees and expenses and payments to the Lead Plaintiff for reimbursement of his time and expenses pursuant to Paragraph 8.1 below, to the extent allowed by the Court; and

**(d)** To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

**7.4.** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Settling Defendants. Settling Defendants, their counsel and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**7.5.** Any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**8. Lead Counsel's Attorneys' Fees And Reimbursement Of Expenses**

**8.1.** Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for (i) an award of attorneys' fees not to exceed one third of the Settlement Amount, (ii) reimbursement of reasonable costs and expenses actually incurred, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Action, and (iii) payment to Plaintiffs for reimbursement of their time and expenses in connection with the Action (collectively, the "Fee and Expense Award"). Settling Defendants shall take no position with respect to the Fee and Expense Application(s) or the Fee and Expense Award.

**8.2.** Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund within two (2) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. Lead Counsel may allocate the Fee and Expense Award among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Action. In the event that the Effective Date does not occur, or the Fee and Expense Award is reduced or reversed in whole or in part on appeal or further review, then Lead Counsel shall be obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction of such event, an amount consistent with such reduction or reversal, including accrued interest at the same rate as is earned by the Settlement Fund from the date of

payment of the award until the date of refund. Lead Counsel, on behalf of itself and each partner and/or shareholder of the firm, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.

**8.3.** The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order of or proceedings relating to the Fee and Expense Application or the Fee and Expense Award, or any objection to, motion regarding or appeal from any order or proceedings relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation. None of the Parties may terminate or cancel the Settlement on the basis of the amount of any Fee and Expense Award.

**8.4.** Any award of attorneys' fees and/or expenses to Lead Counsel or reimbursement payments to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other awards to Plaintiffs beyond the obligation of Settling Defendants to fund the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9. Class Certification**

**9.1.** The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Plaintiffs as the class representatives and appointment of Lead Counsel as Class Counsel. In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues. In such an event, Settling Defendants reserve all rights to object to and oppose class certification, or challenge the standing of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Action or that any plaintiff has standing.

**10. Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination**

**10.1.** Plaintiffs, on behalf of the Settlement Class, and Settling Defendants shall, each in their separate discretions, have the right to terminate the Settlement and Stipulation (a "Termination") by providing written notice of his or its election to do so to all other Settling Parties within thirty (30) calendar days of:

(i) the Court declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(ii) the Court refusing to approve this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iii) the Court declining to enter the Final Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iv) the date upon which the Final Judgment is modified or reversed by the Court, the Court of Appeals or the United States Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it.

In the absence of any of the events enumerated in this ¶ 10.1, ¶ 10.2, or ¶ 10.5, no Party shall have the right to terminate the Agreement for any reason.

**10.2.** If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Settling Defendants, shall have the right to, at any time prior to the Court's entry of the Final Judgment,(a) terminate the Settlement and Stipulation by providing written notice to Defendants or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, subject to Settling Defendants' right to cure any failure to pay within five (5) Business Days of receiving written notice of such deficiency.

**10.3.** The Effective Date of this Stipulation and the Settlement incorporated therein shall be the date on which all of the following events have occurred:

**(a)** entry by the Court of the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)** deposit of the Settlement Amount into the Escrow Account, as set forth in ¶ 2.1; and

**(c)** final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

**(d)** entry by the Court of the Final Judgment in all material respects in the form attached as Exhibit B; and the Final Judgment has become Final, or, in the event that

the Court enters a judgment in a form other than that provided above ("Alternate Judgment") and neither Plaintiffs nor the Settling Defendants elect to terminate the Settlement, the date that such Alternative Judgment becomes Final.

**10.4.** Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.** If prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have submitted valid and timely requests for exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the Preliminary Approval Order and the notice given pursuant thereto, and the Termination Threshold, as such term is defined in a separate termination letter between the parties countersigned simultaneously herewith (the "Letter") is met, then Settling Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the Letter. The Letter shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, in which case the Parties shall seek to file it with the Court under seal.

**10.6.** If the Settlement is terminated by Plaintiffs or Settling Defendants, then: (a) this Stipulation shall be without force and effect upon the rights of the Parties, and none of its terms (other than this paragraph 10.6 and Paragraph 11) shall be effective or enforceable; (b) the Settling Parties shall be restored to their respective positions in the Action immediately prior to the date of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their

respective claims and defenses as to any issue in the Action shall be preserved without prejudice; (c) within ten (10) calendar days (except as otherwise provided in the Letter) after the occurrence of such event, Plaintiffs shall return (or cause to be returned) any monies remaining in the Escrow Account, including any accrued interest thereon, but less any Administrative Costs that were reasonably and actually incurred and paid or payable from the Settlement Fund as of the date of termination and any Taxes and Tax Expenses actually incurred and paid or payable as of the date of termination, by check or wire transfer pursuant to written instructions from Settling Defendants. At the request of Settling Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Settling Defendants pursuant to written direction from Settling Defendants.

**10.7.** No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation, and shall not affect the finality of the order approving this Stipulation.

**11. No Admission Of Liability Or Wrongdoing**

This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

(a) shall not be offered or received against any of the Settling Defendants as evidence of a presumption, concession, or admission of any kind;

(b) shall not be offered or received against any of the Settling Defendants as evidence of an admission by any of those Settling Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(c) shall not be offered or received against the Settling Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Settling Defendants;

(d) shall not be offered or received against the Settling Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e) shall not be construed against any of the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce this Stipulation and/or the Final Judgment in any action or proceeding that may be brought to enforce the terms of this Stipulation and/or the Final Judgment, or any action or proceeding related to rights or claims of Settling Defendants relating to indemnification and/or advancement in connection with this Action.

**12. Miscellaneous Provisions**

**12.1.** The Settling Parties acknowledge that it is their intent to consummate the Settlement, and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the terms and conditions of the Stipulation. To the extent the Parties are unable to reach agreement concerning such best efforts, any Party may refer the matter to a mutually agreeable third-party mediator for mediated resolution, subject to Court approval, with the fees and expenses of the mediator to be divided equally between Lead Plaintiff on the one hand, and Defendants on the other.

**12.2.** The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.

**12.3.** Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**12.4.** Plaintiffs and Lead Counsel represent and warrant that none of the Plaintiffs' Claims or causes of action against one or more Settling Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Settling Defendants in the Action, have been assigned, encumbered, conveyed, given, granted or in any manner transferred in whole or in part.

**12.5.** This Stipulation, together with its exhibits and the Letter constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties or inducements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Letter. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

**12.6.** This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**12.7.** This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.9.** Each counsel or other Person executing this Stipulation and any documents prepared in furtherance of it on behalf of any Party hereto, hereby warrants that such Person has the full authority to do so.

**12.10.** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.** This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**12.12.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.14.** All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or

among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.15.** The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, the Stipulation or the Letter. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, and that the Action was brought and defended in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**12.16.** Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.17.** The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: December 18, 2019

By: ______________________

Laurence M. Rosen
Jonathan Horne
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel.: 212.686.1060
Fax: 212.202.3827
lrosen@rosenlegal.com
jhorne@rosenlegal.com

*Lead Counsel for Plaintiffs*

Dated: December 18, 2019

By: ______________

Brian E. Pastuszenski
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax.: 212.355.3333
bpastuszenski@goodwinlaw.com

Caroline H. Bullerjahn
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel: 617.570.1359
cbullerjahn@goodwinlaw.com

*Attorneys for Settling Defendants*

Dated: December 18, 2019

By: ______________________

Laurence M. Rosen
Jonathan Horne
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel.: 212.686.1060
Fax: 212.202.3827
lrosen@rosenlegal.com
jhorne@rosenlegal.com

*Lead Counsel for Plaintiffs*

Dated: December 18, 2019

By: ______________________

Brian E. Pastuszenski
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax.: 212.355.3333
bpastuszenski@goodwinlaw.com

Caroline H. Bullerjahn
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel: 617.570.1359
cbullerjahn@goodwinlaw.com

*Attorneys for Settling Defendants*