**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (JH 7258)
Laurence M. Rosen (LR 5733)
Phillip Kim (PK 9384)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
        lrosen@rosenlegal.com
        pkim@rosenlegal.com

*Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD ZUBRISKI AND GEORGE DERATNAY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff(s), <br><br> vs. <br><br> BIOAMBER INC., JEAN-FRANCOIS HUC, and MARIO SAUCIER, <br><br> Defendants. | Case No. 2:17-cv-01531-ADS-KAT <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS** |

Lead Plaintiff Chad Zubriski and named plaintiff George Deratnay ("Plaintiffs"), on behalf of themselves and the Settlement Class, submit this reply memorandum of law in further support of their motions: (1) for final approval of the proposed class action settlement; and (2) for an award of attorneys' fees, reimbursement of expenses, and an award to Plaintiffs. Plaintiffs also submit the Supplemental Declaration of Sarah Evans Concerning the Mailing of the Notice and Claim Form, Requests for Exclusion Received and Objections Submitted, dated January 8, 2019 ("Supp. Evans Dec."), filed herewith as Exhibit A, in support of their motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement filed with the Court on December 18, 2019. Dkt. No. 56.

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiffs, or to opt out of the Settlement Class, was April 29, 2020. To date, not one objection has been filed (timely or otherwise). Only two Settlement Class Members, with total recognized losses of $2,768.92, have requested to be excluded from the Settlement Class or the Settlement.

The reaction of Class Members strongly supports approval of the Settlement and requested attorneys' fees, expenses and award to Plaintiffs. The Court should enter the [Proposed] Order of Final Judgment, filed herewith.

## I.    The Lack of Objections Supports Final Approval

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005).

1

Here, the Claims Administrator completed a robust notice program that the Court approved which included mailing and emailing 13,545 Notice and Claim Forms to identifiable Settlement Class Members or their nominees, disseminating Summary Notice electronically over *GlobeNewswire*, and publishing all relevant Settlement documents on the Claims Administrator's website. No Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested awards to Plaintiffs. *See* Exhibit A, Supp. Evans Decl. ¶ 6.

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *See In re Telik, Inc. Sec. Litig.,* 576 F. Supp.  2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable"); *see also In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

## II.    That Only Two Settlement Class Members Opted Out Supports Final Approval

The deadline to opt out of the Settlement was April 29, 2020. To date, only two Settlement Class Members (with recognized losses of $2,768.92 combined) requested exclusion from the Settlement. *See* Exhibit A, Supp. Evans Decl. ¶5. Such a miniscule number of opt-outs strongly supports final approval. *See, e.g., Luxottica*, 233 F.R.D. at 312 (lack of requests for exclusion from settlement "strongly supports approval of the settlement"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

## III.    Settlement Class Members Will Receive A Substantial Payout

Settlement Class Members have filed valid claims with total Recognized Losses of $7,803,506, as calculated under the Plan of Allocation. After payment of the requested attorneys' fee and expenses, and award to Plaintiffs, Settlement Class Members will recover approximately

19% of their Recognized Losses, distributed on a *pro rata* basis pursuant to the Plan of Allocation. This is an excellent result for Settlement Class Members and further supports final approval of the Settlement, and the requested attorneys' fees and expenses and award to Plaintiffs.

## **CONCLUSION**

For the reasons stated herein and in Plaintiffs' previously filed memoranda, the Court should enter the [Proposed] Order and Final Judgment.


Dated:  May 13, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Horne
Jonathan Horne
Laurence M. Rosen
Phillip Kim
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
        lrosen@rosenlegal.com
        pkim@rosenlegal.com

*Lead Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jonathan Horne

4