**The parties submitted the below Proposed Order, which the Court reviewed and approved.**

FILED
CLERK
12/14/2020 12:26 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD ZUBRISKI and GEORGE DERATNAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BIOAMBER INC., JEAN-FRANÇOIS HUC, and MARIO SAUCIER,<br><br>Defendants. | Case No. 2:17-cv-01531-JMA-AKT<br><br>CLASS ACTION |

# [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for a hearing on the 6th day of October, 2020, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 18, 2019 (the "Settlement Stipulation").

It appearing in the record that (a) the Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated January 14, 2020, as modified by the Court's order dated April 20, 2020 ("Preliminary Approval Order"), was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and (b) the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

The Court having considered all papers filed and proceedings in the Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over the Settling Parties.

3. The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the "Settlement Class," defined as all persons or entities (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired BioAmber common stock or warrants, except those purchased on the Toronto Stock Exchange, between July 15, 2014 and August 3, 2017, both dates inclusive ("Class Period"), and were damaged thereby, excluding those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action."

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: (a) met the requirements of due process, Rule 23 of the Federal Rules of Civil

2

Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and all other applicable laws; (b) constituted the best notice practicable under the circumstances; (c) were reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement, to appear at the Settlement Hearing, to exclude themselves from the Settlement Class, as well as the binding effect of the orders and judgments in this Action; and (d) constituted due and sufficient notice to all those entitled thereto. No Settlement Class Member shall be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representative, Settlement Class Members, and Settling Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all of the Released Claims are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. In accordance with Paragraph 1.27 of the Settlement Stipulation, for purposes of this Order and Final Judgment, the term "Releasing Parties" shall mean Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

10. In accordance with Paragraph 1.26 of the Settlement Stipulation, for purposes of this Order and Final Judgment, the term "Released Parties" shall mean (a) Defendants, including BioAmber, and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, affiliates, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

11. In accordance with Paragraph 1.25 of the Settlement Stipulation, for purposes of this Order and Final Judgment, the term "Released Claims" shall mean, to the fullest extent permitted by law or equity, any and all Claims, including Unknown Claims, by Plaintiffs and any Settlement Class Member against any of the Released Parties or by any of the Released Parties against Plaintiffs and any Settlement Class Member (i) that have been or could have been asserted in the Action, including without limitation those asserted in the Complaint and the

Amended Complaint; (ii) that would have been barred by *res judicata* had the Action been litigated to final judgment; (iii) that could have been or could in the future be asserted in any forum or proceeding or otherwise that arise out of, or are based upon, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Action, the Amended Complaint, and/or the Complaint, and relate to the purchase, acquisition or sale of BioAmber securities during the Settlement Class Period (including, without limitation, claims for fraud and negligent misrepresentation); or (iv) that arise out of, are based upon, or relate to the settlement or resolution of the Action, *provided, however*, that Released Claims do not include Claims to enforce this Stipulation.

12. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity.

13. Settling Defendants, on behalf of themselves and their Released Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action.

14. All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

15. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Person's participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.  Further, nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

16. The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

17. This Final Judgment, the Settlement Stipulation, any of their respective terms and provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation, as well as all matters arising in connection with such negotiations, proceedings or

agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Stipulation:

  (a) shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

  (b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

  (c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

  (d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation; provided, however, that if the Settlement Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

  (e) shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

    (f) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

    (g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

  18. The Released Parties may file or introduce the Settlement Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce the terms of the Stipulation or this Final Judgment.

  19. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

  20. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including to the Claims Administrator; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any Plaintiffs Award; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

21. Without further order of the Court, Settling Defendants and Plaintiffs may agree in writing to such amendments, modifications, and expansions of the Settlement Stipulation, and reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation, provided that such amendments, modifications, expansions and extensions do not materially limit the rights of Settlement Class Members or the Released Parties under the Settlement Stipulation.

22. The finality of this Final Judgment approving the Settlement shall not be affected, in any manner, by rulings that the Court has made, or may in the future make, on the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, or any award to the Class Representative, or any appeal or modification of any orders relating to the foregoing. Such matters shall be considered separate from final approval of the Settlement.

23. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

24. Lead Counsel are hereby awarded <u>32.9%</u> of the Settlement Amount or $ <u>740,000</u> in fees, which the Court finds to be fair and reasonable, and reimbursement of expenses incurred of $<u> 30,000</u>. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Lead Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Plaintiffs are hereby awarded $<u> 6,000</u> in total or $ <u>3,000</u> each, which the Court finds to be fair and reasonable. The Court has reviewed Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Plaintiffs, and finds that: (a) no Settlement Class Members objected

9

to the award of attorneys' fees, reimbursement of expenses or the award to Plaintiffs; (b) Lead Counsel's skill and efficiency was demonstrated by thoroughly investigating the claims and reaching an excellent settlement; (c) the Action was complex; (d) there was a substantial risk that the litigation would be unsuccessful, as demonstrated by the fact that no other law firms were willing to accept the Action; (e) Lead Counsel devoted <u>443.8</u> hours to prosecuting the Action; and (f) Lead Counsel secured a significant benefit for the Class.

25. In the event the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment shall be null and void to the extent provided by and in accordance with the Settlement Stipulation, and shall be vacated, and in such event, the provisions of Paragraph 10.6 of the Settlement Stipulation shall apply.

26. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: December 14, 2020  /s/ (JMA)
HON. JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

## **EXHIBIT 1**

**Persons Excluded From the Settlement Class**

1. Eddie Konialian

2. Maan-shii Steve Wu